36 U.S. 226
 11 Pet. 226
 9 L.Ed. 697
 State of RHODE ISLAND
v.
State of MASSACHUSETTS.
 January Term, 1837
 
 1
 Mr. Green, the Attorney-General of the state of Rhode Island, moved the court for a continuance of this cause. He stated, that at the session of the general assembly of Rhode Island, in January 1836, a resolution was passed, associating Mr. Hazard with the attorney-general of the state, as counsel in the cause. Mr. Hazard had since been attacked with a disease, which was supposed to be temporary in its character; and until within a few days, confident expectations of his recovery, and that he would be able to attend and argue this case, were entertained. By an arrangement with the attorney-general of Massachusetts, attending the court, this case has been left open, in the hope of the arrival of Mr. Hazard. This hope no longer exists; as his indisposition has increased, so as to prevent his commencing the journey from Rhode Island to this place.
 
 
 2
 Mr. Hazard is the senior counsel in the case, and has been relied upon by the state of Rhode Island to argue it. It was his report, as chairman of the committee of the legislature of the state, upon which the resolution of that body was adopted, ordering this bill against the state of Massachusetts to be filed. No other counsel has been employed to argue the cause in the place of Mr. Hazard; and, at the advanced period of the session of this court at which this motion is submitted, no counsel can be prepared to go into the argument.
 
 
 3
 Questions between the different states of the Union, are always of deep concern and of high importance. An appeal to this court for the decision of such questions, is an application to the highest powers of the court. Where these questions are for a part of the territory in possession of either of the contending states, occupied by a large population, they become of the deepest and highest interest. Such is the present controversy.
 
 
 4
 It is submitted, that this court will not apply the strict rules which govern other cases to this. The peace and tranquillity of the Union may be disturbed by the decision of such a case, however just and proper, if a belief shall prevail, that every opportunity for its full and complete discussion was not afforded to each party. Although no imputation of wrong would be charged to this court, which, in conformity with its established rules, had proceeded to the decision of the cause, against the party opposing the application of those rules, under an existing or asserted disadvantage to the opposing party, strong feelings of dissatisfaction and discontent might prevail; always, if possible, to be prevented between the citizens of neighboring commonwealths.
 
 
 5
 The questions which will be raised in the argument of this case, are of great and general importance; and some of them have not been decided. Questions of the jurisdiction of this court in a case between two states; and whether, if it exists, provision has been made by legislation for its exercise, are involved; and must be determined in the final disposition of the cause. These questions were raised in the case of the State of New Jersey v. State of New York, but they were not decided. The weight and interest of these questions were felt, when that case was before this court some years since. The controversy between those states was adjusted by commissioners, and the case was not decided here.
 
 
 6
 To the state of Massachusetts, the postponement of the final decision of this case to the next term, can do no injury. She is in possession of the territory which is claimed by Rhode Island, and the inhabitants of the same are subject and obedient to her laws. Rhode Island, this court will believe, does not, on other than grounds which she considers will sustain her claims, come into this high tribunal to assert her rights to that territory. Although the bill in this case was filed by a gentleman who is a member of this bar (Mr. Robbins), yet he was never counsel in the case, but acted only as the representative of the attorney-general of Rhode Island, in presenting it to this court. By the act of God, the state is deprived of the assistance of the counsel on which she relied in this cause; and this court, it is hoped, will order the postponement which has been asked. In the state of Rhode Island, illness of counsel is a sufficient ground for the continuance of a cause, depending in a state court.
 
 
 7
 Austin, the Attorney-General of the state of Massachusetts, opposed the continuance. The state of Massachusetts is before the court, represented by counsel, and this at very considerable expense. She had notice that the case would be argued at this term; and she has attended in conformity with this requisition. The case is one of a character which gives it a peculiar interest; and which, while it is unsettled, affects the tranquillity of not less than five thousand persons, who are inhabitants of the territory claimed by Rhode Island. No difference exists between states and individuals, in suits depending before this court; if any do exist, the case of a state brought here to defend her possession of her territory, and her jurisdiction over a part of her population in the occupation of it, has a strong claim to obtain an early decision of the court. The state of Rhode Island has chosen to come to this court, and she should be at all times prepared to sustain her claim for the interference of the court, in a controversy which she has brought forward, and has chosen her own time for its presentation.
 
 
 8
 It is admitted, that the indisposition of counsel may furnish an inducement to a court to postpone a cause, until a subsequent day in term; but it cannot be the foundation for a continuance for the whole term. It appears, that the bill which was filed on the commencement of this cause, was signed by a gentlemen of this bar, now in the city of Washington, Mr. Robbins, a member of the senate; and thus Rhode Island is represented by two most able counsel.
 
 
 9
 The cause has been pending for six years; and two years have passed since the answer of the state of Massachusetts was filed; since which the cause could have been disposed of, at either of the two terms which have occurred subsequent to the putting in of the answer. While every disposition to accommodate the wishes of the counsel representing the state of Rhode Island exists, and the circumstances under which the motion has been made, are fully appreciated; as the official representative of the state of Massachusetts, Mr. Austin stated, that he could not consent to the continuance of the cause.
 
 
 10
 TANEY, Ch. J., on the day following the argument on the motion, said, the court had decided to order the cause to be continued.