Allen *vs.* The State of Georgia.

No. 9.—WILEY F. ALLEN, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

[1.] The mere absence of an attorney without the consent of the client, is not a sufficient ground for the continuance of a cause.

[2.] The absence of counsel is not a *favored* excuse for not proceeding to trial; on the contrary, excuses of this sort ought to be discountenanced.

[3.] It is the duty of counsel to attend, and the failure to do so, is no cause for postponement, unless in case of *necessity* or *misconception*.

[4.] The rule applies to attorneys in *fact*, as well as at *law*.

[5.] The Courts are strict in granting continuances on account of the absence of counsel.

[6.] Illness of counsel, where there is but one, or of the leading counsel, where there are more than one, is a sufficient ground for the continuance of a cause, especially where the sickness is so sudden that another cannot, under the circumstances, do justice to the cause.

[7.] The question discussed, whether when a person is arrested and convicted for an offence, he is entitled to compulsory process to procure the attendance of witnesses, before true bill found. *Quere?*

Allen *vs.* The State of Georgia.

[8.] Does the 8th article of the amendments to the Constitution, confer any new right in this respect ? *Quere ?*

[9.] Notwithstanding a party charged with a crime may have compulsory process for his witnesses, even before indictment found, still the omission to use it, is not such negligence as will deprive him of a continuance, if the witnesses are absent.

[10.] The affidavit for a continuance should be full, satisfactory and direct, as to the material allegations necessary for a continuance.

[11.] It should state that there is no other witness present, by whom the party can satisfactorily prove the same facts.

[12.] It should allege that the attendance of the absent witness is expected at the next term.

[13.] It should appear that the facts expected to be proven, would be evidence in the case.

[14.] To entitle the accused to the aid of the Court, he should be guilty of no *laches,* but show due diligence on his part.

[15.] It should appear that the absent witnesses reside within the jurisdiction of the Court, otherwise it is no ground for delay. *Secus in New York.*

[16.] In the application of rules for the continuance of criminal causes, the presiding Judge must be left free to some extent, to act in such a manner as will secure a *speedy,* as well as a *fair* trial.

[17.] When the Court suspects that the object of the party in asking a continuance, is delay merely, has the Court the right to travel out of the written affidavit ? *Quere ?*

Indictment for simple larceny, in Stewart Superior Court. Tried before Judge IVERSON, May Term, 1851.

When this cause was called for trial, the plaintiff in error moved for a continuance, on the following grounds :

1st. That he had employed as his attorney for his defence in said cause, Charles J. McDonald, Esq. and that his said counsel was absent, without his leave or consent.

2d. That said bill of indictment had been found true at that term of the Court, and that he had not had time to subpœna witnesses.

3d. That Hardy Bryan was a material witness for him, and that said Bryan lived in the County of Thomas, by whom he expected to explain the possession of the negro boy, Abram, and that he held said boy as the agent of one Manifee.

The Court refused to grant the motion on either ground, unless plaintiff in error would state in his showing, that said McDonald was absent by providential cause; or would add to the third ground, that he expected to prove his agency by Bryan, otherwise than by his own representations to Bryan.

This decision of the Court, refusing the continuance, is assigned as error.

B. K. HARRISON, for plaintiff in error.

Sol. Gen. WILLIAMS, by JAMES WARREN, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Did the Judge err, in overruling the application for a continuance in this case?

In determining this question, it may be urged on the one side, that if persons are permitted to postpone their trials on slight grounds, that but few criminals will be brought to justice. To say nothing of other casualties and chances, the jails in many of the Counties are so insecure that with the assistance of confederates from without, many effect their escape, and thus elude the criminal justice of the country. Besides, as the Courts are held only twice in the year, the expense, from delay, becomes a grievous burthen to the Counties.

On the other hand, the rights of humanity require, that every citizen, whom the law presumes innocent till found guilty, should have a fair and impartial trial, and every reasonable indulgence allowed him to procure his witnesses. That there is no crime so great—no proceeding so urgent, but that the Court would, upon proper grounds, grant this motion.

With these general observations, let us proceed to examine the affidavit upon which the continuance was claimed.

The prisoner states, that he has employed in his defence, Charles J. McDonald, Esq. and that said counsel is absent without his leave or consent; that the bill of indictment was

found at the term of the Court when he was put upon his trial, and that he has not had time to subpœna witnesses; that Hardy Bryan is a material witness for him, living in the County of Thomas, by whom he expects to explain the nature of the possession of the boy Abram; and that he held him as the agent of one Manifee.

[1.] Is the *mere* absence of an attorney who has been employed to prosecute or defend a cause, a sufficient ground for a continuance?

[2.] I would remark that the authorities all show that the absence of counsel is not a *favored* excuse for not proceeding to trial.

In *Post vs. Wright & Buchan,* (1 *Caines' R.* 111,) the absence of counsel was urged as an excuse, but the Court refused to admit it. *Hoffman* pressed strongly the rigor of the practice, and said that it was the first instance where such strictness had been enforced. The Court answered, there must be a *first* time in all proceedings.

In *Sayer vs. Finck,* (2 *Caines' R.* 336,) the same excuse was reluctantly admitted, though the plaintiff's counsel was absent, from an opinion that the cause would not come on, induced by expressions from the partner of the attorney on record, for the plaintiff.

In *McKay vs. The Marine Insurance Comyany,* (*Ibid,* 384,) the Court refused a continuance on account of the absence of counsel, declaring that all excuses of that sort ought to be discountenanced.

[3.] From these precedents, this rule, it would seem, may be deduced; that it is the duty of counsel to attend, and that the failure to do so, is no cause for a continuance, unless in cases of *necessity* or *misconception.*

[4.] In *Hammond's lessee vs. Haws,* (*Wallace's R.* 1,) the Court held that to obtain the continuance of a cause, the party should show some legal ground, and that it is not sufficient to allege that the attorney in *fact* or *law,* from attention to other necessary concerns, could not be present. Judge *Griffith* remarked, " that if such representations were admitted to prevail,

they might always be urged." And Judge *Basset* said, "I am always desirous to give indulgence, where it may advance justice and work no considerable injury, or infringe any established rule of law. But one party must not be wronged by the extension of accommodations to the other. The only question is, whether the plaintiff has used due diligence to bring this cause to trial, and has been prevented by obstructions which furnish a reasonable ground for a continuance. I do not think he has; I am, therefore, against it." And *Tilghman,* Ch. Judge, said, "The showing made, is insufficient to authorize us to continue the cause. *No legal reason is assigned* to justify the want of preparation for trial."

In *The lessee of Shultz vs. More,* (1 *McLean's R.* 334,) it was held, that where the leading counsel in a case is prevented from attending the Court by sickness, and the counsel in attendance is not prepared to go on with the trial, it is good cause for a continuance. The motion was based upon the affidavit of the counsel himself, which stated that he was sick and unable to attend the Court—that the affiant was the first counsel engaged by the defendant—had appeared as his attorney in the same case in the State Court, and was intimately acquainted with the grounds of defence—that he had possession of the papers, and that he did not believe justice could be done in the cause, under present circumstances, in his absence.

[5.] I have stated the contents of the affidavit, to show how strict the Courts have been in granting continuances for this cause.

In the case between the *States of Rhode Island and Massachusetts,* (11 *Peters,* 226,) the senior counsel appointed by the Legislature to argue the cause for the State of Rhode Island, was prevented by unexpected and severe illness, attending the Court, and the Supreme Court, on the application of the Attorney General of the State, ordered a continuance for the term, though not without strenuous opposition from Mr. Austin, the Attorney General of the State of Massachusetts ; and the motion was argued on the peculiar character of the cause, it being a controversy between two of the sovereign States of the Confederacy, upon the decision of

which, the peace and tranquility of the whole Union might depend, rather than upon the strict rules which govern ordinary cases.

[6.] In this Court, and in the Courts of this State, so far as we know, the illness of counsel, if there be but one, or of the leading attorney, if there be more than one, has always been held a sufficient ground for the continuance of the cause, especially where the sickness was so sudden or recent as to deprive the party of the opportunity of satisfactorily supplying his place; on the other hand, mere absence of the attorney never has been held sufficient.

The Court, therefore, did not err, in our opinion, in refusing the application on this ground.

[7.] The next reason embraced in the showing is, that the true bill was found only at the Court when the accused was put upon his trial, and that he had not had time to subpœna his witnesses; that Hardy Bryan was a material witness for him, who lived in the County of Thomas, by whom he expected to explain the possession of the boy, Abram, whom he was charged with stealing, and that he held him as the agent of one Manifee.

The record does not disclose when the prisoner was arrested and committed—whether at, or immediately preceding the term at which he was tried, or months beforehand.

[8.] By the 8th article of the amendments to the Constitution of the United States, it is provided, that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial Jury of the State and district where the crime shall have been committed, which district shall have been previously ascertained by law; and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; *to have compulsory process for obtaining witnesses in his favor;* and to have the assistance of counsel for his defence."

Some have thought, that a person merely charged with an offence before a Magistrate, and previous to indictment found and issue joined, could not of right, have compulsory process for

Allen *vs.* The State of Georgia.

his witnesses ; and that the article cited from the amendments to the Constitution of the United States, makes no alteration of the previous law upon this subject. Others, planting themselves upon this provision, hold, that so soon as a party is charged with a crime and bound to answer, or committed for it, that it becomes then, a public prosecution, and that the indictment is but a continuation of it; and that from that stage of it he is entitled to compulsory process for his witnesses.

To place the accused on equal ground with the prosecution, it would seem that the latter construction ought to be adopted. If witnesses, from the time of arrest and commitment, may be recognized to appear in behalf of the State, why should they not for the accused ? Why should the public be allowed the means of securing the evidence to convict, and not the prisoner to prove his innocence ?

[9.] All concur, however, that notwithstanding a party charged with a crime, even before indictment found, may have compulsory process for his witnesses ; still the omission to use it, is not such negligence as will deprive him of a continuance, if the witnesses be absent. And we think this right. A party who is conscious of his innocence, should not be compelled to incur the expense and labor of procuring testimony, until there is a bill found. He is then apprised of the precise nature of the offence alleged against him, and it thenceforth becomes his duty to use due diligence to prepare to meet it.

[10.] But to the affidavit. An affidavit for a continuance should be full, satisfactory, and direct, as to the material allegations necessary for a continuance. *Knight vs. The State,* 5 *Humph.* 599.

Tested by this rule, this affidavit is insufficient.

[11.] It does not state whether in fact there be any other witnesses except Hardy Bryan, nor that the matter expected to be proved by him, could not be established by any other witness present. *Fulugh vs. The State,* 8 *Missouri R.* 606.

[12.] Neither does it state that the attendance of the witnesses is expected at the next term. *Earp vs. The Commonwealth. Dana,* 301.

[13.] Nor does it appear that the facts expected to be proved would be evidence in the case. Indeed, the inference is, that they would not be. *Warburton vs. Allen,* 1 *McLean's R.* 460. *Gibbs vs. Mitchell,* 2 *Bay.* 351.

[14.] The statement by the defendant, that he had not had time, since the finding of the bill, to subpœna witnesses, is too vague and indefinite. It does not appear that any steps have been taken to procure testimony. And to entitle the party to the aid of the Court, he must be guilty of no laches, but show due diligence. 2 *Scam.* 522.

A person indicted for felony, made affidavit that he had four material witnesses who were absent, without naming them, or that he expected to be able to get their attendance. It was held that a continuance could not be granted. *Hurd's Case,* 5 *Leigh,* 715.

In *Springer vs. Mendenhall,* (3 *Harrington (Del.)* 381,) a continuance was refused, though the party had been in prison six weeks before the term at which the bill was found.

[15.] As to the other witnesses, except Hardy Bryan, the affidavit does not state that they reside within the State; and if they live beyond the jurisdiction of the Court, their absence is no reason for continuing the indictment. *Commonwealth vs. Willard,* 1 *Mass. R.* 6. *State vs. Fybs,* 1 *Const. R.* 234. This point has been ruled differently.

[16.] We can only repeat, then, what we have often said before—that the granting of continuances is a matter of discretion in the Court before which the cause is tried; and that although the averred excuse of this objection is matter of error, yet a plain and palpable case must be made out, to authorize the interference of this Court; moreover, though rules of practice may establish something like a principle to guide the discretion of Courts, yet in the application of such rules, the presiding Judge must be left untrammeled to some extent, to act in such a manner as will secure a *speedy,* as well as a fair trial. 3 *Mississippi,* 123. *Harper,* 85, 112. 2 *Dall.* 95. 3 *Ibid.* 305. 1 *Breese,* 12.

[17.] I have carefully confined myself in this discussion, to

the showing, as it was presented originally by the party. There are respectable adjudications, however, to the effect, that if the Court suspect that a party's object, who moves for a continuance on the ground of the absence of a material witness, is delay, they may examine him as to what he expects to prove by such witness, or require him to go farther—make the affidavit more full, as was done in the present case. *The People vs. Urmilgia,* 7 *Cowen,* 367. And while I should not be disposed to encourage such a practice, still, as the Judge before whom these motions are made has better opportunities of forming correct opinions as to the motives. of the party, than this Court can have, I am disposed for myself, to entrust to the Judges of the Superior Courts considerable latitude of discretion upon this subject. Many little things transpire to make it as apparent to them, as the light of the meridian sun, that the accused is influenced solely by the desire to delay the trial unnecessarily, which can never be fully reflected in the record sent up to us.

Let the judgment be affirmed.