LOUIS DINKENS v. THE STATE.

1. DUE DILIGENCE. An application for continuance by a defendant, who before indictment had been committed by a magistrate in default of bail, if good in other respects, cannot be refused on the ground that the accused had not used diligence to procure his testimony before indictment: no statute authorizes the clerk to issue process for witnesses before indictment found.

2. When the application for continuance complies with the requirements of law, no discretion exists in granting it.

APPEAL from Grimes. Tried below before the Hon. James R. Burnett.

On the 15th of August, 1874, Louis Dinkens was committed by a magistrate in default of bail, on a charge of horse-stealing. On the 13th of October following, an indictment was filed against him. The same day, on his application, an attachment was issued for a witness in Walker county, which was placed in the hands of the proper officer. On the 16th of October the case was called for trial, and the attachment not having been returned, the defendant made the following application for a continuance:

"The State of Texas,    Now comes the accused in the above
        v.               styled cause, and moves the court for
"Louis Dinkens.          a continuance, because he says that he
"cannot go safely to trial at this term of the court for the want
"of the evidence of Fayett Gibbs, who resides in Walker coun-
"ty, in the State of Texas, and who is a material witness for him;
"that on the same day that the indictment was filed in said cause,
"to wit, the 13th of October, 1874, he made, by his counsel, ap-
"plication for an attachment to Walker county for said witness,
'and placed the same in the hands of M. M. Cone, Deputy Sheriff
of Grimes county, with request to serve the same immediately;
"that said attachment has not been returned to this court; that
"said defendant expects to prove by said witness, that one Phil
"Blue had the horse charged to have been stolen by the accused,
"in the possession of the said Blue, and that Blue invited the

"accused to ride behind him, and told the accused that the
"horse belonged to him, and that the said Phil Blue placed said
"horse in the possession of the accused, and directed the ac-
"cused to ride the horse up to the house of J. T. Wilkinson,
"who resides in Walker county, and ask if they might stay all
"night, which he did; that said witness had been with the
"accused all the day preceding this occurrence, and the part
"of the night that had elapsed before he met the said Blue,
"and that up to that time the accused had nothing to do with
"said horse; that the horse was taken out of the possession of
"the accused by the aforesaid J. T. Wilkinson at his house,
"and was not in the possession of the accused more than ten
"minutes; that the accused had been pulling fodder for Mr.
"Estien in Grimes county, near the line of Grimes and Walker
"counties, and was on his way home to his father's home, who
"resides near Huntsville, in Walker county, when he accepted
"the invitation of the said Phil Blue to ride behind him, the
"said Blue going in the direction of Huntsville.   Affiant
"further says that the above facts are true.

    "The said witness is not absent by the procurement or con-
"sent of the accused, and this application for a continuance is
"not made for delay.                          his
                      "(Signed) LOUIS  ×  DINKENS."
                                           mark.

    The defendant had employed counsel before indictment
found, and the court below, holding that he should have pre-
pared for trial before the presentation of an indictment, over-
ruled the application for a continuance.

    *Randolph & McKinney*, for appellant.

    *Geo. Clark, Attorney-General*, for the State.

    REEVES, J.   The court did not err in overruling the motion
in arrest of judgment.   A gelding is specified as one of the
animals which the Code makes the subject of theft, and the
indictment follows the Code, and is supported by precedent.
2 Archbold's Cr. Practice and Pleading, 398.

It is only necessary to examine the third and fourth grounds of the motion for a new trial, complaining of error in overruling defendant's application for continuance and for admitting evidence of his confessions on the trial.

It appears that an attachment was issued for defendant's witness, residing in Walker county, on the same day the indictment was filed, being the 13th day of October, and that it was placed in the hands of an officer for service. The application was made on the 16th of October, and being by the court overruled the defendant was required to proceed to trial. It seems from a statement made by the judge, and which accompanies the bill of exception, that the defendant had been in jail since the 15th of August preceding the trial, having been committed in default of bail by a magistrate on the charge contained in the indictment, and had retained counsel before the term of the court commenced. The court held that the defendant had not used due diligence, that he should not have waited until an indictment was presented before preparation for trial. No question was made as to the materiality of the evidence, or that the application did not comply with the requirements of the statute in other respects. The name and residence of the witnesses, the diligence used, the facts expected to be proved are stated, and the further statement is made, that the witness was not absent by the procurement or consent of the defendant, and that the application was not made for delay. Nothing further could be required of the party on the first application for continuance. The statute makes provision for subsequent applications, and adds other requisites which are not required on the first application. If the showing for this purpose is not sufficient, it must be for some other reasons than such as we have mentioned. The suggestion that the accused should have provided for the attendance of the witness before the indictment was presented, is not, as is believed, borne out by the Code. The observation of the judge, however true it may be that justice may sometimes be delayed, must yield to the plain and posi-

tive requirements of the statute, prescribing the grounds for a continuance, and what shall be sufficient for that purpose. The Code provides that in cases of felony, after indictment found, the State or defendant shall be entitled, on application to the clerk of the court, to obtain an attachment for witnesses, etc. (Article 2,907.) The Act of 1873 (p. 104) authorizes the clerk or justice of the peace to issue subpœnas or attachments for witnesses when a criminal case is pending, but we have not been referred to any provision, and have found none, authorizing the clerk to issue, or requiring the accused to obtain process for witnesses before a bill is presented.

It is suggested that the testimony of the absent witness, in view of the evidence on the trial, was immaterial and could have availed nothing if introduced. We cannot determine that such would have been the result. It might have produced a conflict in the evidence, but it cannot be assumed in advance that the jury would have rejected it as unworthy of credit. Be that as it may, the accused should have been allowed a reasonable time during the term of the court, or a continuance for the term, to procure the attendance of the witness and have the jury pass upon the evidence in connection with the testimony offered by the prosecution. The case of Wall v. The State, 18 Texas, 693, and Bruton v. The State, 21 Texas, 337, are not regarded as applicable to this case. In neither was the absent testimony material, and the application for continuance failed to show any legal ground to postpone the trial.

No exception appears to have been taken to the introduction of evidence of the confessions made by the defendant. The motion refers to a bill of exceptions, but if taken it is not in the record. As the case will be reversed on the other ground, it is sufficient to say in respect to another trial that before evidence of a confession can be received, it must be shown that it was freely made, without compulsion or persuasion, under the rules prescribed by the Code, as the court in substance instructed the jury.

Reversed and remanded.