### JOHN F. OVERTON v. LEON AND H. BLUM.

AFFIRMANCE ON CERTIFICATE.—That parties failed to agree upon a statement of facts, and agreed, in writing, that the presiding judge, in vacation, make up a statement of facts from the statements furnished by the parties; and that the judge had failed to do so, are not reasons to prevent an affirmance on certificate.

APPEAL from Rusk. Motion to affirm on certificate.

*N. G. Bagley*, for motion.

*Martin Casey*, resisting, cited Paschal's Dig., 1589; Hart *v.* Mills, 31 Tex., 313; Chambers *v.* Fisk, 20 Tex., 344; Trammell *v.* The State, 1 Court of Appeals, 121.

GOULD, ASSOCIATE JUSTICE.—This is a certificate submitted

for the purpose of having affirmed a judgment of the District Court of Rusk county, at its July Term, 1877, from which judgment an appeal was perfected, returnable to the present term of this court.

The statute makes it the duty of this court, on the failure of the appellant to file the transcript, and on the filing by the appellee of the proper certificate, "to affirm the judgment of the court below, unless good cause be shown why such transcript was not filed by the appellant." (Paschal's Dig., 1589.) The appellant appears and resists the affirmance, on the ground (supported by affidavit) that the attorneys in the court below, having failed to agree upon a statement of facts, made, with the concurrence of the presiding judge, an agreement, in writing, that said judge would examine the respective statements in vacation, and make out therefrom a correct statement of facts; and that though a written statement on both sides had been presented to him, said judge had failed to approve either statement, or to make up from his own recollection a correct statement of facts.

It is not for us to suggest what is the remedy of appellants, if they have any. The facts stated might excuse a delay in filing the transcript, but certainly constitute no good cause for not filing it at all. Appellants are not asking for time to enable them to secure a statement. of facts, and then to file the transcript. They do not state that any steps are being taken, or will be taken, to prosecute their appeal; but present these facts as constituting good cause why the judgment should not be affirmed on certificate at any time. The statute gives the right to an affirmance, and that right cannot be denied to appellees because the appellants have failed to secure a statement of facts.

The judgment is affirmed

AFFIRMED.