FRANCIS HAIR, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. Practice in criminal cases: CONTINUANCE. H. was indicted for horse stealing at the October, 1882, term of court, plead not guilty, and the cause was continued on the motion of the state, the next regular term being in April following. A special term of court was afterwards called, and held in December of that year, at which H., against his objections, was tried. *Held*, That the continuance being general operated to continue the case to the next regular term.

2. ———: ———. The facts stated in an affidavit in support of a motion for a continuance for the purposes of the motion will be taken as true. And where sufficient facts are stated a continuance should be granted. *Williams v. The State*, 6 Neb., 334, adhered to.

ERROR to the district court for Kearney county. Tried below before GASLIN, J.

*Sam L. Savidge* and *Hamer & Conner*, for plaintiff in error, cited: *Johnson v. Dinsmore*, 11 Neb., 394. *Billings v. McCoy*, 5 Id., 190. *Williams v. The State*, 6 Id., 338.

*Isaac Powers, Jr.*, Attorney General, for the State, cited: *State v. Roorbacker*, 19 Iowa, 154. *Bledson v. Commonwealth*, 6 Rand., 673. *Jones v. The State*, 11 Ind., 357. *McLean v. The State*, 28 Kan., 373.

MAXWELL, J.

The plaintiff was indicted for horse stealing at the October, 1882, term of the district court of Kearney county. He plead not guilty to the indictment, and the state not being ready to proceed to trial asked for and obtained a continuance of the cause upon the ground of a " want of material testimony." The order for a continuance required "the prisoner to enter into bonds with approved security that he will appear at the district court for Kearney county, on the first day of the next term thereof," recognizance being fixed at $400. The next regular term of the court was called to be held in April, 1883. In November, 1882, a special term of the district court of Kearney county was called to be held in December of that year, and the plaintiff was notified that he would then be tried upon said indictment. At the special term he filed a motion for a continuance supported by affidavits, in which he stated that he had been led to believe that the cause had been continued to the regular term in April; that he had been unable to procure bail up to that time, but had been endeavoring and expected soon to do so; that the horses he was charged with stealing he had purchased in good faith of one John Drum, of Chapman station, Kansas, and had paid full value for the same; that he can prove by said Drum that he did buy said horses in good faith and did not steal the same, and that he can not safely proceed to trial without the testimony of said Drum, etc. The motion was overruled, a trial had, and the plaintiff found guilty and sentenced to imprisonment in the penitentiary for ten years.

The first ground upon which a reversal is sought is, that the court erred in overruling the motion for a continuance. Where a motion for a continuance is based upon the grounds stated in an affidavit which accompanies the motion, the facts stated in the affidavit for the purposes of the motion will be taken as true, and if sufficient grounds are shown

and reasonable diligence has been used by the party filing the motion a continuance should be granted. The court will not permit to be filed, nor consider, counter affidavits in such case because it will not in that proceeding permit an issue to be raised as to the truthfulness of the affidavit. *Williams v. The State*, 6 Neb., 334. The prompt disposition of causes is very desirable, but it is of much greater importance that justice be administered. To this end a reasonable opportunity should be given a party, where he makes a proper showing, to procure his testimony, and if necessary a continuance should be granted. In the case at bar the record shows that at the October term the cause was continued generally—in effect to the next regular term—on the motion of the state. Afterwards, and within two months, a special term was held and the cause tried against the objections of the plaintiff. In his affidavit for a continuance he states that he purchased the horse for which he was indicted and found guilty of stealing, of one Drum, and states his place of residence and sufficient reasons why he has failed to procure his testimony. These statements being taken as true certainly were good grounds for a continuance. It is very evident, too, that the case having been continued to the regular term it should not have been taken up against the objection of the accused and tried at a special term called for another purpose. Such practice might lead to great hardship by enabling the state to procure its witnesses and insist upon a trial at a time when the accused could not be prepared to make his defense.

Objection is made to the severity of the sentence. Our statute fixes the punishment at not less than three nor more than fifteen years. Crim. code, § 117. The sentence certainly seems excessive. The opinions of the ablest jurists coincide that it is the certainty and not the severity of punishment that deters from crime. The law fixes the minimum and maximum of imprisonment and leaves the court to adjust the punishment according to the circum-

stances attending the commission of the crime.    If no fact is shown except that of the theft, there seems to be no good reason for a term of imprisonment much, if at all, in excess of the minimum fixed by law.    Certainly a sentence for ten years cannot be justified.    The bail in this case was fixed at $400 by the court, showing that the offense was not considered by it of so unusual a character that a very large sum was required to secure the presence of the accused. And we see nothing in the testimony calling for unusual severity in the sentence; but as the cause must be reversed for the refusal to grant a continuance, it is unnecessary to decide this question.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.