## Dowda *vs.* The State of Georgia.

A prisoner indicted for seduction having relied upon having counsel who was absent when the case was tried, having been indicted just before the trial, and having witnesses in another county than that of the venue of the case, who would give testimony derogatory to the character of the female alleged to have been seduced prior to the date of the crime charged, and having no power to subpœna them before indictment, a continuance should have been granted.

February 9, 1884.

Criminal Law. Continuance. Before Judge Hammond. DeKalb Superior Court. December Term, 1882.

On December 19, 1882, Dowda was indicted for seduction. The indictment charged that he seduced one Fannie Ragsdale, she being a virtuous, unmarried female, by false and fraudulent means. On December 20, 1882, the case was called, and the state announced ready. Defendant moved for a continuance, on the following grounds: He had been recently committed to jail; he was informed a short time before the calling of the case that a true bill had been found against him; he expected his attorney, L. J. Gartrell, Esq., whom his friends had employed to defend him, to be present, but was disappointed; the charges against him were grave ones, and to be forced to trial represented by counsel who had just been informed as to the facts of the case, would be unjust both to defendant and his counsel; he had two witnesses, James Holston, who resided at Temple, on the Georgia Pacific Railway, and Dick Thompson, who resided in Atlanta, both residing within the jurisdiction of the court, and by whom he could prove that Fannie Ragsdale was not, at the time of the offence imputed to him, a virtuous female; he knew no other person present by whom he could prove that fact, and he expected their attendance at the next term of the court; their evidence was material to his case; it was not known to him until recently that an adjourned term would

be held, and being confined, he had no opportunity to prepare his case.

The court allowed a postponement of the case until noon of the next day, and ordered subpœnas to be issued for the witnesses, and that an officer be dispatched for them. On the following day, at half past twelve o'clock, the case was again called, and neither the witnesses nor the officer had been heard from. Defendant made a motion for a continuance, which contained the same grounds as the first motion, and added that he was sick and unable to undergo a trial, and because of this sickness he did not have the use of his reasoning faculties. The court ordered the defendant to be examined by a physician. Dr. J. H. Goss examined him, and reported as follows: "The defendant, W. T. Dowda, seems in his usual health, but his general appearance indicates that he may have some affliction, but not of such a nature as would prevent his undergoing a trial; that he has some excitement of pulse and heart action, that may be attributable to mental excitement."

Two letters from L. J. Gartrell, Esq., to defendant, were read, in each of which he stated that he expected the friends of defendant to see him, and would call to see defendant as soon as they came. In the first he stated that he would be present at the adjourned term of court, and in the second that he did not think the case would be called that week. In both of them he spoke of representing defendant and looking after his interests, but anticipated a call from his friends.

The continuance was refused, and this formed a leading ground of the motion for new trial after conviction.

R. J. Jordan, for plaintiff in error.

B. H. Hill, solicitor general, for the state.

Jackson, Chief Justice.

The question to be decided in this case is, should the

continuance have been granted? The defendant relied in good faith on procuring the services of General Gartrell, as shown by correspondence; the indictment had just been found true against him; he had witnesses absent in other counties than the venue; he had no power to subpœna them before indictment found. Acts of 1873, p. 33; Code, §3847. The crime alleged against him, an old man and a schoolmaster, is awful, in seducing his scholar, a child in her early teens, and surely he should have had all opportunities the law allows to defend himself. Whilst the facts disclosed in the record make a dreadful case against him, and whilst we interfere rarely and reluctantly with the presiding judge in questions of continuance, especially when such proof of guilt appears; yet in this case, under these facts, particularly the impossibility of subpœnaing his witnesses in other counties, who would testify derogatory to the character of the girl in respect to virtue and chastity before his school acquaintance with her, and the absence of counsel relied on, and want of preparation in the defence, yet it seems that the ends of justice and the right of a fair trial to those accused, even of the most heinous crimes, demand our interference now.

When the case is tried again, it is hoped that the girl will testify without so much necessity for the repetition of questions, and that the court will be more successful in procuring the witness to answer under the rules of law, and with due regard to the sex and age and natural timidity of the witness. Code, §3854.

Judgment reversed.