JULY TERM, 1887. 355

O. & R. V. R. R. Co. v. Brown.    Newman v. State.

PAUL NEWMAN, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

Practice in Criminal Cases: CONTINUANCE. Plaintiff in error was prosecuted upon information filed by the district attorney, charging, in two counts, the forging, and uttering as true and genuine, a promissory note. The information was filed on the 11th day of October. He was placed upon his trial on the 19th day of the same month. Prior to the day of trial he filed a motion for a continuance, and which was supported by his affidavit, in which

it was alleged that he could prove by four witnesses, naming them, all non-residents of the state and none of whom were present, that the notes were placed in his hands for the purpose of sale by one B., and that, as requested, he sold the notes simply as an accommodation, and returned all the money to the person for whom the sale was made; the residence of two of the witnesses out of the state was given, so that their depositions might be taken. The proposed evidence being material, and sufficient time for procuring their deposition not having elapsed, it was *Held*, That the district court erred in overruling the motion for a continuance.

ERROR to the district court for Washington county. Tried below before NEVILLE, J.

*Jesse T. Davis*, for plaintiff in error.

*William Leese, Attorney General*, for the state.

REESE, J.

Plaintiff in error was convicted of the crime of uttering and publishing, as true and genuine, a forged and fraudulent promissory note. The prosecution was upon an information, consisting of two counts, the first, for the forgery of the note, the second, for uttering the same. The jury, by their verdict, found him guilty, as charged, in the second count of the information. Of the questions presented, it is deemed necessary to notice but one, as a majority of the court are of the opinion that upon it alone a new trial must be granted. This assignment is, that the court erred in overruling plaintiff's motion for a continuance.

It appears by the record that the promissory note alleged to have been forged was dated September 7th, 1886. It was sold on the 20th of the same month. On the 24th, plaintiff in error was arrested, and placed in jail, where he remained until the 11th of October, when the information was filed against him, and he was placed

upon trial on the 19th of the same month.    Prior to the
trial, he filed a motion and affidavits for a continuance, by
which he sought to show the absence of witnesses material
to his defense, and whom he could not procure in time for
the trial.    His line of defense was, that just before he
sold the forged instrument he was in Fremont with his
wife, and was contemplating a trip to Blair, on business.
At this time, one Bradley, with whom he was acquainted,
approached him, and asked him to take some notes to
Blair, sell them for him, and return him the money, and
that he did so, under the honest belief that the notes were
true and genuine, and without any fraudulent intent.    In
his affidavit, by which the motion for a continuance is
supported, he deposed that one —— Parsons, who resides
in the city of New York, at " 1180 Canal street," J. C.
Moore, whose residence is not disclosed, I. B. Davis,
whose residence is in Kansas, but whose post-office address
was not then known, and Anna Newman, the wife of
affiant, who resided in Marysville, Missouri, were present
with him at the Eno hotel, in Fremont, at the time the
notes were delivered to him, and saw their delivery, and
heard the request and instructions from Bradley, together
with a statement as to where the makers of the notes
resided, and the consideration for which they were given.
That Anna Newman was present in Fremont when he
returned, and saw him pay over to Bradley, without
charge or deduction, the sum of four hundred dollars and
fifty cents, the proceeds of the sale of notes.    It is averred
that there were no other witnesses by whom these trans-
actions could be proved, and that, by reason of his poverty,
and the short time intervening between the filing of the
complaint and the day set for trial, he was unable to pro-
cure the desired testimony.    For the purposes of a decis-
ion upon a motion for a continuance, the statement of
the affidavit must be taken as true, and cannot even be
contradicted by counter affidavits.    *Hair v. State,* 14

Neb., 503. Assuming, as we must, that the allegations contained in this affidavit were true, no question can arise as to the materiality of the evidence set out. The only inquiry, therefore, can be as to the diligence of plaintiff in error in securing this testimony in time for the trial. It was believed by the writer that there was not sufficient showing to warrant the court in finding that the testimony of the witnesses could be procured by a subsequent term. The residence of two of the witnesses was not given, and there is nothing in the affidavit which would lead any one to suppose that their testimony could be had at a later day, but the residences of Anna Newman and of Parsons are given, and if the statements concerning them are true, their testimony could be had by depositions, under the provisions of section 462 of the criminal code.

The time intervening between the filing of the information and the commencement of the trial would have been clearly insufficient, under any degree of diligence, to have procured the presence of Parsons, or his deposition, and insufficient to procure the deposition of Anna Newman. Both witnesses being without the state, their attendance could not under any circumstances have been coerced. Plaintiff in error was, therefore, guilty of no negligence, so far as the testimony of these witnesses was concerned, the statute above referred to not permitting the taking of a deposition until after issue joined by the plea.

For this error, the judgment of the district court must be set aside and a new trial awarded.

The judgment of the district court is reversed, and the cause remanded for further proceedings in acccordance with law.

REVERSED AND REMANDED.

THE other judges concur.