[No. 4307.]

## HOCKLEY v. THE PEOPLE.

1. **Assault with Intent to Murder—Information—Sufficiency.**

   An information which charges defendant with making an assault with intent "to kill and murder" sufficiently charges the intent to murder.

2. **Practice in Criminal Cases—Continuance—Diligence.**

   A defendant who at his examining trial is bound over to appear and answer the charge at the next term of the district court is not required to prepare for trial before an indictment is found or an information filed. And where an application for continuance for material witnesses is duly verified and shows sufficient diligence after the information was filed it is error to deny the application on the ground that defendant had not used diligence to procure his witnesses between the time of his examining trial and the filing of the information.

*Error to the District Court of San Miguel County.*

Mr. H. M. HOGG, for appellant.

Mr. C. C. POST, attorney general, and Mr. JAMES D. MERWIN, assistant attorney general, for the people.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

Two informations were filed in the district court of San Miguel county against plaintiff in error, de-

fendant below, one charging him with an assault with intent to commit murder, the other with assault with intent to commit bodily injury without any considerable provocation appearing therefor. They were consolidated for trial as one action and defendant was found guilty under the former and sentenced to the penitentiary. Of the errors assigned only two are considered:

First: The language of this information is that "E. A. Hockley   *   *   *   did then and there unlawfully, wilfully, feloniously and of his malice aforethought, make an assault   *   *   *   with intent then and there upon the part of said E. A. Hockley to kill and murder the said," etc. In the court below defendant moved to quash the information upon the ground that it did not charge any offense punishable under any statute of the state. The motion was overruled. The contention of counsel, as we understand it, is that there is no statute in this state making it a crime to commit "an assault with intent to kill," but there is a statute prohibiting an "assault with intent to murder." The words "to kill," in this information, are said to be the vital ones, the position being that the information charges defendant merely with "an assault with intent to kill." The contention is entirely without merit. If necessary the words "to kill" might be treated as surplusage, and enough would be left to constitute a good pleading. But sec. 1433 Mills' Annotated Statutes, says that "it shall be sufficient in every indictment for murder to charge that the defendant did feloniously, wilfully, and of his malice aforethought kill and murder the deceased." If in a charge of murder it is proper to use the expression, "kill and murder," then it logically follows that in charging assault with intent to commit murder, the same words may be employed as in this information

was done.   The motion to quash was properly over-ruled.

Second:   In July, 1900, the defendant was, by a justice of the peace of San Miguel county, recognized to appear and answer this charge at the next ensuing November term of the district court of that county.   On the 27th day of November these informations were filed, and on the 30th day of that month defendant was arraigned and pleaded not guilty. On the same day he filed a verified application for a continuance until the next term of court, upon the ground of the absence of material witnesses.   The court refused to continue the cause for the term, but postponed the trial until the 5th day of the following December, to enable defendant to secure the presence of his witnesses.   Defendant immediately had subpœnaes issued for them, one of which was served on one witness who appeared at the trial.   The other subpœna was returned by the sheriff of Montrose county to whom it was sent, not served, with his further statement to the clerk of the court in which the action was pending, that the witness desired was then supposed to be somewhere in Garfield county, Colorado.   Defendant then, on the 5th day of December, and before the cause was called for trial, filed his second verified petition for a continuance until the next term of court, in order to obtain the attendance of the absent witness.   No claim was made in the court below, or here, by the attorney general, that the evidence of the witness was immaterial or that there is any defect in the application in any respect except that it showed a lack of diligence.   Indeed the sufficiency of the showing is virtually conceded except in the particular noted, and in denying it the trial court expressly predicated its ruling upon the fact that defendant had had all the time since he was

bound over by the justice of the peace until the day of trial, to look after his witnesses, and merely because defendant had not made preparations for his trial before the filing of the informations, the court declared that he had not exercised the diligence which the law requires.

The granting or refusing of applications for a continuance rests largely in the discretion of the trial court; and the doctrine established in this state is that only for an abuse of such discretion will a reversal be had. No authority has been called to our attention, nor have we been able to find one, which holds it to be the duty of a defendant in a criminal case to make preparations for his trial before an indictment has been found, or an information filed, against him. Various reasons for this ruling are given by the courts, some of which put it upon the ground that before the filing of an indictment or an information the defendant may not have compulsory process for his witnesses. Others declare that even if compulsory process may be had before that time, and though defendant may have his witnesses, like those of the prosecution, recognized to appear at an ensuing term of the court having jurisdiction to try the charge, his omission to take out such process before an indictment found, or information filed, cannot be considered as negligence or exhibiting a want of due diligence, so as to deprive him of the full benefit of his affidavit for continuance which shows that he is unable to have his witnesses present at the first term. Whatever be the reason, it seems clear that there was no obligation resting upon defendant to make preparations for his trial and to secure the attendance of his witnesses before the informations were filed against him; and since there is no question that he diligently moved immediately thereafter, it was

plainly wrong for the trial court to refuse the continuance asked for.

The following, among other authorities, are to this effect: *United States v. Moore,* 26 Fed. Cases, 1308; *Allen v. State of Georgia,* 10 Ga., 85, 91; *Dinkens v. State,* 42 Texas, 250; *State v Wood,* 68 Mo., 444; *Salisbury v. Commonwealth,* 79 Ky., 425, 430; *Dowda v. Georgia,* 71 Ga., 481; *Blige v. Florida,* 20 Fla., 742; *Newman v, State,* 22 Neb., 355; 4 Enc. Pleading and Practice, p. 845, *et seq.*

Other rulings are discussed by counsel, some of which are important, but they are not likely to occur at another trial, and so we do not pass upon them.

For the error of the court in refusing a continuance, the judgment is reversed, and the cause remanded for a new trial.                *Reversed.*