## H. L. TRAMMELL v. ULLMAN, LEWIS AND COMPANY.

### Decided June 14, 1906.

**Garnishment—New Trial After Term—Judgment—Diligence.**

In an equitable proceeding to set aside, after the adjournment of the term, a judgment obtained against plaintiff as garnishee, which recited that it was had upon "the evidence and from the answer," though such answer did not justify the judgment and plaintiff shows that he had a good defense to the proceeding, he must show also that he was prevented from making it without fault or negligence on his part; where he shows no attention given to the matter after filing answer, nor excuse therefor except that his attorney was sick, nor reason for not resorting to motion for new trial or appeal except his inexcusable ignorance that judgment had been rendered against him, his petition is subject to demurrer.

Appeal from the County Court of Galveston County. ᐧ Tried below before Hon. Lewis Fisher.

*Geo. W. Graves,* for appellant.—On plaintiff's right to maintain this action, we cite the following authorities: Freeman v. Miller, 53 Texas, 372; Ragsdale v. Green, 36 Texas, 193; 1 Sayles' Texas Civil Practice, secs. 686-689.

On the insufficiency of the answer in garnishment to support the judgment, we cite the following authorities: Waples-Platter Groc. Co. v. Texas & P. Ry. Co., 68 S. W. Rep., 265; Darlington-Miller L. Co. v. National Surety Co., 80 S. W. Rep., 238; Medley v. American Radiator Co., 66 S. W. Rep., 86; Winslett v. Rundle, 1 White & W. C. C., 681; Shepflin v. Small, 23 S. W. Rep., 432; Rood on Garnishment, secs. 63, 118, 123.

A new trial may be granted after the expiration of the term of court at which the judgment was rendered upon the applicant showing sufficient matter to have entitled him to a new trial, if applied for during the term, and a sufficient legal excuse for not then having made his application. Freeman v. Miller, 53 Texas, 377; Nevins v. McKee, 61ᐧ Texas, 413; Gross v. McClaran, 8 Texas, 341; Spencer v. Kinnard, 12 Texas, 180; Fisk v. Miller, 20 Texas, 573; Davis v. Terry, 33 Texas, 426; Alexander v. San Antonio Lumber Co., 13 S. W. Rep., 1025; 1 Sayles' Texas Civil Practice, secs. 686-689, and authorities there cited.

*Hunt & Myer,* for appellees.—That the answer did not authorize the judgment rendered against the garnishee, is an error apparent on the face of the record, and equity will not disturb the judgment where it appears that the garnishee had an opportunity to sue out a writ of error. Texas-Mexican Ry. Co. v. Wright, 88 Texas, 346; San Antonio & A. P. Ry. Co. v. Glass, 40 S. W. Rep., 339.

It must appear that the defendant was not guilty of any negligence, and that the rendering of the judgment was obtained through fraud or mistake. Ovocato v. Del'Ara, 14 Texas Ct. Rep., 794; Adams v. First National Bank, 52 S. W. Rep., 642; Bailey et al. v. Boydstun, 33 S. W. Rep., 281; Anderson v. Oldham, 82 Texas, 233.

REESE, ASSOCIATE JUSTICE.—Ullman, Lewis & Company being judgment creditors of T. L. Larkin, who owed them $513.76 for which

they had obtained judgment in the County Court of Galveston County, sued out a writ of garnishment in statutory form against H. L. Trammell. The writ of garnishment having been duly served upon Trammell he made answer thereto as follows:

"I am unable to say at the present time in what amount I am indebted to T. L. Larkin, nor what I was indebted to the said Larkin when the writ of garnishment in this suit was served upon me, for the reason hereinafter set out. I have no effects of the said T. L. Larkin in my possession, nor had I any effects of the said T. L. Larkin in my possession when the said writ was served. I know of no other persons who are indebted to the said T. L. Larkin or who have effects belonging to the said Larkin in their possession, except Citizens National Bank of Beaumont, Texas, which has in its possession about eight hundred ($800) dollars deposited in said bank by me on the 22d day of July, 1903, with the intention of turning said amount over to Larkin when we should have a settlement, but before we, the said Larkin and myself, had a settlement the said bank suspended payment and is now in the hands of a receiver, and what percent said bank will pay to creditors on their deposits I am unable to say, but Larkin will lose whatever part of said amount that said bank fails to repay to me."

From certain allegations in the petition in this case it is to be inferred that Trammell was at the time a nonresident of Galveston County and made answer under the provisions of the statute with regard to garnishment proceedings against nonresidents, but it is not affirmatively so stated nor does it appear by positive averment or proof that such was the case. The answer of the garnishee appears to have been made September 28, 1903.

On October 27, 1903, judgment was rendered by the said County Court which, after reciting the existence of judgment against Larkin and the issuance and service of the writ of garnishment proceeds:

"And it further appearing to the court from the evidence and from the answer of said H. L. Trammell, garnishee, that the said H. L. Trammell is indebted to the said T. L. Larkin, and was when said writ was served upon him, in the sum of $800:

"It is therefore considered, ordered, adjudged and decreed by the court that plaintiff M. Ullman, who trades and does business under the firm name and style of "Ullman, Lewis & Co.," do have and recover of and from the defendant H. L. Trammell the sum of five hundred and thirteen and seventy-six one hundredths ($513.76) dollars, together with interest thereon from this day until paid at the rate of 10 percent per annum, and all costs herein incurred, for which said plaintiff may have his execution or executions, as many and as often as may be necessary, against the said H. L. Trammell; and further that the amount or amounts paid by or received from said H. L. Trammell upon this judgment shall be a credit upon his indebtedness, as aforesaid, to the said T. L. Larkin, and shall operate as payment and satisfaction of said indebtedness pro tanto."

On December 11, 1903, Trammell instituted this suit against Ullman, Lewis & Co., in the said court to set aside and vacate the aforesaid judgment against him and for a new trial. Plaintiff also at the time of filing the petition applied for and obtained a writ of injunction from

the county judge restraining the said Ullman, Lewis & Co., from further proceedings to enforce said judgment until the final determination of this case.

Defendant demurred generally to the petition and also by special exceptions objected that it appeared from the allegations of the petition that the judgment sought to be vacated was not rendered through any fraud on the part of defendant, nor by accident, mistake or error due to the acts of defendant, but was due to the negligence of plaintiff, and that plaintiff was not prevented from making his defenses, if any he had, by fraud, accident or acts of defendant. It is further objected, by special exception, that by the petition plaintiff seeks to set aside the judgment upon the ground that it was rendered upon evidence which it was alleged would not legally authorize the judgment, though the answer of the garnishee disclosed an indebtedness to Larkin in excess of defendant's debt against Larkin, and because it appears that plaintiff has failed to make an answer which would have protected him from said judgment, and it is not alleged that his failure to make such answer was caused by the fraud of defendant; and further that the petition shows that plaintiff has not availed himself of his remedy at law of appeal or writ of error to set aside said judgment.

Upon the hearing, the general demurrer and several special exceptions were sustained and the cause dismissed, from which judgment Trammell prosecutes this appeal.

The case as presented is a motion or petition for new trial made after the term at which the judgment was rendered, and is a purely equitable proceeding. The principles which govern such proceedings are well settled in this State, and are thus stated in the opinion of the Supreme Court in Nevins v. McKee (61 Texas, 413), from which we quote at length:

"The object of the present suit was to set aside a judgment duly rendered in a garnishment proceeding against Nevins, to retry the issue between parties determined in that cause, and have a decision made as to whether the plaintiff in that judgment, or another party who claimed to own the note, was entitled to recover against the garnishee. In fact it was an attempt by petition, filed after the adjournment of the term of the court at which the judgment was rendered, to obtain a new trial of the cause which had resulted in such judgment.

A court of chancery has power to grant such relief, but it will not do so except upon facts which show the clearest and strongest reasons for its interposition. It was held by this court in Johnson v. Templeton, 60 Texas, 238, that it is not sufficient to show that injustice has been done, or that the plaintiff had a good defense which he was prevented from making upon the trial. But he must further show that he has not resorted to chancery because of any inattention or negligence on his part. He must show a clear case of diligence as well as of merit; that he has a good defense which he was prevented from making by fraud, accident, or the acts of the opposite party, wholly unmixed with any fault or negligence on his part.

Here it is not pretended that the appellant was deprived of his defense by the fraud of anyone, or by any act chargeable to the plaintiff in garnishment. If his failure to appear and defend the action can

be said to have been due to accident, McKee had nothing to do with bringing it about, but it was owing solely to the negligence of Nevins or of the attorney to whom he intrusted the defense of the cause." (Taylor, Knapp & Co. v. Fore, 42 Texas, 253; Overton v. Blum, 48 Texas, 370; Johnson v. Templeton, 60 Texas, 239; Harn v. Phelps, 65 Texas, 597.)

Appellant states in his petition, very fully, that he is not indebted to Larkin and was not at the time of the service of the writ of garnishment, and thus shows what would have been a sufficient defense to the proceeding against him as garnishee, but it appears that after filing the answer herein set out he paid no further attention to the proceeding, but contented himself with merely filing the answer. It does not appear to us that the answer alone authorized the judgment against appellant, but upon the face of the judgment it appears to have been rendered upon "the evidence and from the answer" of the garnishee. The petition does not enlighten us further as to the pleadings or evidence in the case in which the judgment was rendered. The only excuse attempted to be given for the failure of appellant to give further attention to the case in which it was sought to charge him with so large a sum, if indeed it be appellant's intention to urge this as an excuse, is "that at the date of the said answer in garnishment and said judgment and until after the adjournment of the term of said court at which said judgment was rendered, plaintiff's attorney, who had charge of all of his legal business and particularly his business with said Larkin, was sick in bed and unable to represent plaintiff."

It may be freely conceded that it was error in the court to render judgment upon the uncontroverted answer of appellant to the garnishment alone, but it is not alleged that this was done, and if it had been, practically no excuse is shown for appellant's failure to pursue the plain legal remedy to have such error corrected by motion for new trial during the term, or by appeal or writ of error. It is true that it is alleged that appellant was ignorant that the judgment had been rendered until after the adjournment of the term, but this very ignorance was the result of his inexcusable neglect to give that attention to the suit, in the protection of his interest, which the law required of him. It is not pretended that appellees by any act of theirs induced the belief from which appellant seems to have acted that his answer would effectually prevent any judgment against him. The court had jurisdiction of the subject matter and of the parties. The most that can be claimed from the allegations of the petition is that the judgment was probably erroneous and that he has now a good defense to the demand against him. This is not sufficient to entitle him to set aside the judgment by this proceeding and have new trial of the cause.

The trial court did not err in sustaining the general demurrer and special exceptions.

The judgment of the court below is affirmed.

*Affirmed.*

Application for writ of error dismissed for want of jurisdiction.