[No..7021.]

## McLey et al. v. The People.

Criminal Law—Right of Prisoner to Opportunity to Prepare His Defense—One accused of felony makes a sworn and sufficient application for a continuance, on the same day with the filing of the information, alleging the absence of a material witness. The application is denied, and the prisoner at once put upon trial, convicted and sentenced to the penitentiary for a term of twenty-five years. There had been no preliminary hearing, and the prisoner, so far as appeared, had no information of the nature of the charge against him; nor, except by his previous arrest, that any charge would be preferred.

Held, that the celerity with which the prosecution was pushed was not consonant with a sense of justice or the fair and impartial administration of the law; that the prisoner was entitled to a reasonable time in which to prepare for his trial, after the formal charge was presented, and that the denial of his application for a continuance for that purpose was error.—(330)

*Error to Delta District Court* — Hon. Sprigg Shackleford, Judge.

Mr. H. J. Baird and Mr. J. P. McCallum for plaintiffs in error.

Hon. John T. Barnett, attorney general, and Mr. George H. Thorne for the people.

Mr. Justice Bailey delivered the opinion of the court:

The record discloses that, by leave of court, an information based on affidavit was filed on September 27, 1909, charging the two defendants here complaining, jointly with one R. L. Cunningham, with an attempt to commit the crime of larceny, through the use of explosives. On the same day, the defendants appearing to be indigent, H. J. Baird, Esq., an attorney and counselor of this state, was appointed to defend. Also, on the same day, on behalf of the defendants, Black and McLey, who alone were con-

victed, a motion for a continuance was filed, supported by their affidavit, setting forth the efforts which had been made by them, through applications to relatives and friends, to secure funds to aid in making a defense, and particularly for the purpose of procuring the attendance of witnesses; that, up to the time of the interposition of that motion, the defendants had received no answers to these requests, but were of belief that, if time were given, they could get funds to secure the attendance of witnesses in their behalf; that an important witness, R. L. Hudson, would, if present, testify that, at the time of the alleged offense, these defendants were in the town of Delta, miles from the vicinity of the place where the crime is charged to have been committed; that they had used every effort to locate Hudson, and had every reason to believe that he could be found and secured for the trial of the case, if it should be continued until the next term of court. No counter-affidavit was filed, and no denial was made of the truth of the facts, as set forth in the affidavit; indeed, the sufficiency of the application, and the materiality of the matter proposed to be shown, seems to have been conceded below, as it is here. However, the application was promptly, and, on that same day, overruled, the defendants arraigned, entering a plea of not guilty, and the cause forthwith put to trial. The mere statement of these facts shows that the defendants, though charged with one of the gravest crimes known to the law, and for which, upon conviction, they suffered a sentence of imprisonment in the state penitentiary for a term of not less than twenty-five nor more than thirty years, were allowed no time whatever to prepare a defense. The information was filed, counsel appointed to defend, plea of not guilty entered, motion for continuance interposed, denied and trial pro-

ceeded with, all on the same day, over the protest of defendants, and in the face of a sworn, formal and sufficient showing to entitle them, as matter of law, to a continuance, if not over the term, certainly for a brief period. Indeed, we are of opinion that the mere statement of counsel, under the facts and circumstances here disclosed, without a formal application and sworn statement to support it, would, in and of itself alone, have been abundantly sufficient to require at least a short respite, and afford some opportunity for preparation to meet so serious a charge. It will be noted that there had been no preliminary hearing, at least the record shows none, the information being filed on affidavit. So far as is shown, except from the fact of previous arrest, these defendants had no official notification, prior to the time when the information was lodged in court, that any charge at all would be preferred, and certainly none as to its precise nature, and were given no opportunity whatever to meet it. The celerity with which this prosecution was pushed is repugnant to our sense of justice, and the fair, equal and impartial administration of the law. Such action was plainly prejudicial, going to the very substance of the rights of the defendants, and practically denying them a defense. They were clearly entitled to a reasonable time in which to prepare for trial. after the formal charge had been filed.

The case of *Hockley v. The People*, reported in 30 Colo. 119, presents a somewhat similar state of facts; there, however, the rights of the defendant were given more consideration. In that case, a preliminary examination had been had, and the defendant thereby advised as to the character of testimony likely to be adduced, and the nature of the charge. There, on application, a short continuance was al-

lowed, at the expiration of which, the defendant still not being ready, a second application was interposed, which the court denied, on the ground that, in view of the notice afforded by the preliminary trial, the defendant had had abundant time in which to prepare his defense, and was negligent in not doing so. On that state of facts, this court, in an opinion by Chief Justice Campbell, said:

"The granting or refusing of applications for a continuance rests largely in the discretion of the trial court, and the doctrine established in this state is that only for an abuse of such discretion will a reversal be had. No authority has been called to our attention, nor have we been able to find one, which holds it to be the duty of a defendant in a criminal case to make preparations for his trial before an indictment has been found, or an information filed, against him. Various reasons for this ruling are given by the courts, some of which put it upon the ground that, before the filing of an indictment or an information, the defendant may not have compulsory process for his witnesses. Others declare that, even if compulsory process may be had before that time, and though defendant may have his witnesses, like those of the prosecution, recognized to appear at an ensuing term of the court having jurisdiction to try the charge, his omission to take out such process before an indictment found, or information filed, cannot be considered as negligence or exhibiting a want of due diligence, so as to deprive him of the full benefit of his affidavit for continuance, which shows that he is unable to have his witnesses present at the first term. Whatever be the reason, it seems clear that there was no obligation resting upon defendant to make preparations for his trial and to secure the attendance of his witnesses before the informations were filed against

him; and, since there is no question that he diligently moved immediately thereafter, it was plainly wrong for the trial court to refuse the continuance asked for.''

Citing these authorities: *United States v. Moore,* 26 Fed. Cases 1308; *Allen v. State of Georgia,* 10 Ga. 85, 91; *Dinkens v. State,* 42 Texas 250; *State v. Wood,* 68 Mo. 444; *Salisbury v. Commonwealth,* 79 Ky. 425, 430; *Dowda v. Georgia,* 71 Ga. 481; *Blige v. Florida,* 20 Fla. 742; *Newman v. State,* 22 Neb. 355; 4 Enc. Pleading & Practice, p. 485 *et seq.*

On the authority of this decision, and cases cited, unquestionably it was error to deny the defendants' application for continuance, and for this reason the judgment must be reversed.

Other alleged errors are assigned and discussed, which we do not consider, as a situation involving them is not likely to arise at another trial.

*Reversed and remanded.*

Chief Justice Campbell and Mr. Justice White concur.